YEE & KAWASHIMA, LLLP

JARED N. KAWASHIMA        6289
CHRISTIN D. W. KAWADA    10038
1000 Bishop Street, Suite 908
Honolulu, Hawaii  96813
Telephone:  (808) 524-4501
Facsimile:  (888) 524-0407
E-mail: jared@yklawhawaii.com
E-mail: christin@yklawhawaii.com

Attorneys for Plaintiff
ILWU LOCAL 142
HEALTH & WELFARE TRUST

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| ILWU LOCAL 142 HEALTH AND WELFARE TRUST, | ) ) ) | CIVIL NO. _____ |
|---|---|---|
| Plaintiff, | ) ) ) | COMPLAINT; SUMMONS |
| vs. | ) ) ) | |
| HH PACIFIC BEACH LP DBA ALOHILANI RESORT WAIKIKI BEACH; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE GOVERNMENTAL AGENCIES 1-10, DOE TRUSTS 1-10, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

COMPLAINT

COMES NOW Plaintiffs above named by and through their attorneys Yee & Kawashima, LLLP, and for Complaint against Defendant above named, allege and aver as follows:

1.      Plaintiffs are the Trustees of the ILWU LOCAL 142 HEALTH & WELFARE TRUST (hereinafter referred to as "Trust Fund").  Plaintiffs are fiduciaries with respect to the Trust Fund within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

2.      Specifically, the Trust Fund is an employee welfare benefit plan as defined in section 3(1) of ERISA, 29 U.S.C. § 1002(1).  The Trust Fund is a multiemployer plan as defined in section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A).

3.      The Trust Fund is a jointly trusteed labor-management Trust Fund created and maintained pursuant to section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

4.      This action arises under the Labor-Management Relations Act, 1947, as amended, the Employee Retirement Income Security Act of 1974, and the Multiemployer Pension Plan Amendments Act of 1980, as hereinafter more fully appears.  Jurisdiction is founded on questions arising thereunder and more specifically under 29 U.S.C. §§ 1145 and 1132(a) and (f).  Jurisdiction is proper

pursuant to section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), and pursuant to section 301(a) of the LMRA, 29 U.S.C. § 185(a).  Venue is proper pursuant to section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and section 301(a) of the LMRA, 29 U.S.C. § 185(a).

5. At all times relevant herein, the Trust Fund was, and now is, an employee benefit plan organized and existing under the laws of the United States and whose principal offices are in the City and County of Honolulu, State of Hawaii.  At all times herein mentioned, the Trust Fund was, and now is, an express trust created by a written trust agreement subject to and pursuant to the Labor-Management Relations Act and a multiple employer benefit plan within the meaning of Sections 3 and 4 of the Employee Retirement Income Security Act (29 U.S.C. §§ 1002 and 1003).

6. At all times relevant herein, upon information and belief, HH PACIFIC BEACH LP ("Defendant") was a Delaware foreign limited partnership transacting business in the State of Hawaii under the trade name ALOHILANI RESORT WAIKIKI BEACH.

7. At all material times Defendant was an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and within the meaning of section 501(3) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 142(3), and was engaged in an industry affecting commerce within the meaning of section

3(11) and (12) of ERISA, 29 U.S.C. § 1002(11) and (12), and within the meaning of section 501(1) of the LMRA, 29 U.S.C. § 142(1).

8. Defendants John Does 1-10, Jane Does 1-10, Doe Partnerships 1-10, Doe Corporations 1-10, Doe Governmental Agencies 1-10, and Doe Trusts 1-10 are sued herein under fictitious names for the reason that their true names and identities are presently unknown to Trust Fund except that they are connected in some manner with the named Defendant and/or were the agents, servants, employees, employers, representative, co-venturers, associates of the named Defendant and/or were in some manner presently unknown to the Trust Fund engaged in the activities alleged herein and/or were in some manner responsible for the injuries or damages to the Trust Fund. Trust Fund has made a diligent effort to ascertain the true names, identities, capacities, activities and/or responsibilities of said unidentified Defendant but have been unable to do so to date. Trust Fund has made a diligent and good-faith effort to ascertain the full name, identity, and interest in this action of Defendant John Does 1-10, Jane Does 1-10, Doe Partnerships 1-10, Doe Corporations 1-10, Doe Governmental Agencies 1-10, and Doe Trusts 1-10 including, but not limited to, investigative efforts to locate witnesses and other persons who may have knowledge of, or contributed to causing the injuries or damages to the Trust Fund, and to identify their roles with respect to same.

9. In November 2016, Defendant executed that certain collective bargaining agreement by and between the Union and Defendant effective February 1, 2017 through January 1, 2022 (hereinafter referred to as the "2017 Bargaining Agreement"). The terms of the 2017 Bargaining Agreement are incorporated herein by this reference.

10. On or about February 22, 2017, Defendant executed that certain letter agreement by and between the Union and Defendant effective as of July 1, 2017 (hereinafter referred to as the "Letter Agreement"). The terms of the Letter Agreement are incorporated herein by this reference. In or about June and July 2020, the parties entered into two Memorandum of Agreements where they agreed, in part, the suspend contributions for the month of June and July 2020 (hereinafter referred to as the "2020 MOUs") and incorporated herein by reference. (The 2017 Bargaining Agreement and the Letter Agreement and 2020 MOUs are collectively referred to herein as the "Bargaining Agreements.")

11. The Bargaining Agreements direct payments by Defendant to the Trust Fund for eligible employees. The Trust Fund is a third party beneficiary of the Bargaining Agreements.

12. The Trust Fund is managed in accordance with the terms of a Trust Agreement, the terms of which are incorporated herein by this reference, and which all contributing employers are bound to by virtue of their participation in the Trust Fund.

### COUNT I (Contributions and Damages)

13. Trust Fund repeats, realleges and incorporates by reference each and every allegation set forth above.

14. Defendant agreed to be bound by all the terms of the Bargaining Agreements and trust agreement and was specifically required to pay $975 per employee per month pursuant to Section 17.03 of the 2017 Bargaining Agreement.

15. By agreeing to abide by such Bargaining Agreements, Defendant promised to pay to the Trust Fund certain amounts for employee benefits, for work and labor performed by Defendant's covered employees, which amounts would be paid to the Trust Fund on or before the due dates as specified in said Bargaining Agreements and the Trust Agreement.

16. By participating in the Trust Fund, as required by the Bargaining Agreement, Defendant agreed to be subject to and bound by all terms and conditions of the Trust Agreement, and further promised that in the event any monthly contributions were not paid when due, Defendant would pay to the Trust Fund liquidated damages in the amount of five percent (5%) of such delinquent

and unpaid contributions due to each respective fund or twenty dollars ($25.00), whichever is greater, for each and every delinquent monthly contribution as provided by said Bargaining Agreements, as amended, for each delinquency as and for liquidated damages and not as a penalty.

17. Additionally, pursuant to the Trust Agreement, in the event monthly contributions and liquidated damages were not paid when due, Defendant would pay interest at the rate of 7% per annum on each delinquent amount.

18. Defendant has failed to pay contributions and liquidated damages for the months of September, October and November 2020 in the sum of $446,870.55.

19. At all times herein mentioned it was, and now is, impracticable and extremely difficult to fix the amount of actual damages to Trust Fund as a result of the non-payment of said contributions. The amounts agreed upon herein, as hereinbefore alleged, as and for liquidated damages, represented and now represent a reasonable endeavor to ascertain and compensate for the damages caused the Trust Fund by the non-payment of said contributions.

20. By said Bargaining Agreement and Trust Agreement, Defendant further promised that if it became necessary for Trust Fund to take legal action to enforce payment of contributions and/or liquidated damages from Defendant, Defendant would pay all court and collection costs and reasonable attorney's fees incurred by Defendant.

21. Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, as amended by the Multiemployer Pension Plan Amendments Act ("MPPAA") govern the enforcement of employer contributions to employee pension and welfare Trust Fund. ERISA Section 515 (29 U.S.C. § 1145) provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

22. Section 515 is reinforced by the remedial provisions of ERISA section 502(g):

> (2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan —
>
>     (A) the unpaid contributions,
>
>     (B) interest on the unpaid contributions,
>
>     (C) an amount equal to the greater of
>
>         (i) interest on the unpaid contributions, or
>         (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
>     (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.  For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

23. Defendant's failure to transmit contributions in a timely fashion to Trust Fund for hours worked by its employees caused damage to Trust Fund in an amount to be proven at trial.

WHEREFORE, Trust Fund pray as follows:

(1) That Defendant be ordered to pay outstanding trust fund contributions, liquidated damages, and interest together with additional damages as may be shown at trial;

(2) That Defendant be ordered to pay reasonable attorneys fees and costs in accordance with the Bargaining Agreements, Trust Agreement and law, in an amount to be proven at trial; and

(3) Such other relief as the Court deems just and equitable.

DATED:  Honolulu, Hawaii, October 2, 2020.

    /s/ Jared N. Kawashima
JARED N. KAWASHIMA
CHRISTIN D. W. KAWADA
Attorneys for Plaintiffs